```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

BETTY WEBSTER, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF TONY
WEBSTER, ALL WRONGFUL DEATH
BENEFICIAIRES OF TONY WEBSTER                            PLAINTIFF

VS.                         CIVIL ACTION NO. 3:19-cv-21TSL-RHW

JACKSON HMA LLC D/B/A
MERIT HEALTH CENTRAL
AND JOHN DOES 1-10                                       DEFENDANT

                    MEMORANDUM OPINION AND ORDER

Plaintiff Betty Webster, individually and on behalf of the Estate of Tony Webster and all wrongful death beneficiaries, commenced this wrongful death action in the Circuit Court of Hinds County on August 20, 2018, alleging that Mr. Webster's death from injuries sustained in a fall while he was a patient at a Merit Health hospital was the proximate result of negligence by defendant Jackson HMA LLC d/b/a Merit Health Central (Jackson HMA), its servants and employees. Jackson HMA was served with process on December 13, 2019, and on January 10, 2019, timely removed the case to this court pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. On February 11, 2019, plaintiff moved to amend and remand.[1] Plaintiff acknowledges in her motion that the court has diversity jurisdiction over the case in its

---

[1] Plaintiff did not denominate her motion as a motion to amend and remand, but her motion to remand is based on her request to amend to add the resident physicians as defendants. The court thus construes the motion as seeking to amend and remand.

current posture[2] but seeks leave to amend the complaint to add as defendants Dr. Abdul Bahro, Dr. Linda Lindsey and Dr. Menarvia Nixon Gaddis, resident physicians involved in Mr. Webster's treatment at Merit Health, whose negligence, she contends, proximately caused or contributed to his death. Plaintiff asserts that since joinder of these physicians as defendants would destroy diversity jurisdiction, then the court, upon granting her request to amend, should remand the case to state court.[3] Jackson HMA, has responded in opposition to the motion. The court, having considered the memoranda of authorities submitted by the parties,

---

[2] See 28 U.S.C. § 1332(a)(1) (providing for federal jurisdiction where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000). The amount in controversy herein well exceeds $75,000, and there is complete diversity as plaintiff is a citizen of Mississippi and, as fully explained in the notice of removal, defendant Jackson HMA, LLC d/b/a Merit Health Central is a citizen of Tennessee and Delaware. See Conner v. Hardware Distribution Warehouses, Inc., No. 4:06CV80-D-B, 2007 WL 465650, at *2 (N.D. Miss. Feb. 7, 2007) (in wrongful death action, citizenship of the plaintiff representative is solely relevant to the diversity inquiry); § 1332(c) (legal representative of a decedent's estate is deemed to be citizen of same state as decedent).

[3] On the same day plaintiff filed her motion to remand, February 11, 2019, plaintiffs mailed to each of the proposed physician defendants notice of her intention to sue, as required by statute in Mississippi. See Miss. Code Ann. § 15-1-36(15) ("No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action."). Plaintiff moved to stay consideration of the request to amend and remand pending expiration of the 60-day notice period. That period has now expired and therefore, the motion to stay is moot.

concludes that plaintiff's request to amend should be granted and that the case should consequently be remanded.

A plaintiff's motion to amend to add a non-diverse defendant after removal is governed by 28 U.S.C. § 1447(e), which provides that "[i]f after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." In Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit instructed that a district court faced with an amended pleading naming a new non-diverse defendant in a removed case "should scrutinize that amendment more closely than an ordinary amendment," and in deciding whether to permit the amendment, "should consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." Id. at 1182. Those factors are as follows: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

In analyzing the first Hensgens factor – the extent to which the purpose of the amendment is to defeat federal jurisdiction – courts tend to consider one or both of two factors: "whether the

3

plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse defendant." Precht v. Columbia Gulf Transmission, LLC, No. 2:18-CV-00853, 2018 WL 5544508, at *3 (W.D. La. Oct. 29, 2018). As a general proposition, "the fact that the plaintiff has a valid claim suggests that the purpose of the proposed amendment is not to defeat diversity." Id.[4] "But when the plaintiff knew the nondiverse defendant's identity when the lawsuit was originally filed in state court but did not name him as a defendant, this suggests that the motion to amend was intended to frustrate diversity jurisdiction." Precht, 2018 WL 5544508, at *3. See

---

[4] See Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir. 1991) (indicating that where "the plaintiff [has] a valid cause of action against the [proposed nondiverse defendant], ... the principal purpose of the amendment [is] not to defeat federal jurisdiction."); see also McKnight v. Orkin, Inc., No. CIVA509CV17DCBJMR, 2009 WL 2367499, at *3 (S.D. Miss. July 30, 2009) (stating that "[i]f the plaintiff states a valid cause of action against the proposed defendants, then the purpose of adding them is not to defeat jurisdiction.").
  Of course, "[t]he conclusion that the plaintiff has no valid cause of action against the proposed defendants naturally leads to the conclusion that the proposed defendants may not be joined in this action, and the other Hensgens factors need not be considered." McKnight, 2009 WL 2367499, at *3. See also Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 186 (5th Cir. 2018) (stating that plaintiff's "failure to state a plausible claim would outweigh the other Hensgens factors"); Pruitt v. Invacare Corp., No. 2:13CV293-TSL-JCG, 2014 WL 5465342, at *9 (S.D. Miss. Oct. 28, 2014) (finding it unnecessary to further address Hensgens factors where plaintiff's proposed amendment was due to be denied as futile, i.e., for failure to state a viable claim for relief).

4

also Parker v. CitiMortgage, Inc., No. 2:14CV173-KS-MTP, 2015 WL 2405168, at *4 (S.D. Miss. May 20, 2015) (finding that even assuming the proposed amended complaint stated a viable claim against nondiverse defendant, first factor weighed against amendment because plaintiffs knew of the proposed defendant's identity and his alleged involvement in the matters alleged in the complaint at the initiation of the lawsuit).

Defendant does not deny that plaintiff's proposed amended complaint states viable claims for medical malpractice against the resident physicians. It contends, however, that this first Hensgens factor weighs against permitting the doctors' joinder because plaintiff knew of the doctors' involvement in Mr. Webster's medical care and yet did not include them as defendants in her original complaint. For her part, plaintiff is vague about her reason(s) for not adding Drs. Bahro, Lindsey and Gaddis when she first filed suit. She does not deny that she knew their identities. However, she points out that under state law, before she could file suit against them for medical negligence, she was required not only to give them sixty-days' notice of her intent to file suit but also to certify that she had consulted with an expert and determined there was a reasonable basis for filing suit[5]; and she insinuates (but does not directly state) that she

---

[5] See *supra* n.3; Miss. Code Ann. § 11-1-58 (requiring that complaint against physician or other health care provider charging

5

intended to sue the doctors but was unable to "take care of [these] prerequisites" before she filed her complaint against Jackson HMA in August 2018. She does not explain why she was unable to satisfy these requirements as to the doctors before she filed her original complaint against Jackson HMA in August 2018, or why she was unable to do so before she served Jackson HMA in December 2018, or why she waited until thirty days after removal to do so.[6] Under the circumstances, the court finds that this factor weighs against plaintiff's request to amend.

The second and third Hensgens factors, however, weigh decidedly in favor of allowing the amendment. Regarding the second factor -- whether the plaintiff has been dilatory in requesting to amend -- the Fifth Circuit has held that "[d]elay alone is an insufficient basis for denial of leave to amend: [t]he delay must be undue, i.e., it must prejudice the non[-]moving party or impose unwarranted burdens on the court." Allen v.

---

medical negligence be accompanied by certificate executed by attorney declaring that attorney had reviewed the facts and consulted with at least one qualified expert and concluded there was a reasonable basis for commencement of the action).

[6] Notably, with respect to Jackson HMA, she was able to take care of these matters before filing suit in August 2018. There is no obvious reason for her having filed suit against only Jackson HMA in August 2018 and she offers no explanation in this regard. If she was unable to comply with the statutory prerequisites as to the doctors, she presumably could have postponed filing her action against Jackson HMA until she was able to do so, as there was no statute of limitations issue at the time.

6

Walmart Stores, L.L.C., 907 F.3d 170, 186 (5th Cir. 2018) (quoting Mayeaux v. Louisiana Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004)).  There has been no such delay here.  Nothing of substance has occurred in this action since plaintiff filed and served her complaint.  Indeed, in the time following service of the complaint, all that has occurred is that defendant filed its notice of removal and plaintiff moved to amend and remand.  The case is currently stayed pending a decision on the present motion.  Defendant does not claim, nor could it legitimately claim, to have been prejudiced in any way by the timing of plaintiff's motion to amend and the court has not been burdened in any way.  See Boyce v. CitiMortgage, Inc., 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014) ("Generally a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred.") (internal quotation marks and citation omitted).

As to the third Hensgens factor – whether the plaintiff would be "significantly injured" if the court does not permit the amendment – a court's usual inquiry is "whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff."  Agyei v. Endurance Power Prod., Inc., 198 F. Supp. 3d 764, 777 (S.D. Tex. 2016) (citation omitted).  In

7

this case, however, if plaintiff's request to amend is denied, she will be completely foreclosed from pursuing any claim against the defendant doctors in any forum. Under Mississippi law, "all claims for the wrongful death of a person [must] be litigated in the same suit and in the same court." See Long v. McKinney, 897 So. 2d 160, 172-73 (Miss. 2004) (reasoning that this rule is "a logical extension of the principle of priority jurisdiction," and holding that "the first court to properly take jurisdiction of a wrongful death action in our state courts shall, so long as the action is pending, have exclusive jurisdiction, and any other subsequently-filed action for the same death shall be of no effect."); see also Miss. Code Ann. § 11-7-13 (stating that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned"); Harpster ex rel. Salez v. Thomas, 442 F. Supp. 2d 349, 354 (S.D. Miss. 2006) (one-suit rule applies even where one case is in state court and the other is in federal court; "[t]he statute clearly states, "there shall be but one (1) suit for the same death...."). Plaintiff would be significantly and irrevocably prejudiced if she were not allowed to add the doctors as defendants in this action.

Having considered the relevant factors,[7] the court finds that in the circumstances of this case, plaintiff's interest in

---

[7] There are no additional equitable considerations bearing on plaintiff's request to amend.

pursuing the claims of medical negligence against Drs. Bahro, Lindsey and Gaddis for Mr. Webster's alleged wrongful death, on balance, outweighs defendant's interest in maintaining this federal forum.

Accordingly, it is ordered that plaintiff's motion to amend is granted. It is further ordered that within five days, plaintiff shall file in this court her amended complaint, accompanied by a proper and executed certificate of consultation. Upon entry of her amended complaint in the court record, it is ordered that the Clerk of Court shall promptly remand this case to the Circuit Court of Hinds County, Mississippi.

SO ORDERED this 2nd day of May, 2019.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE